IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY KENDRICK WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-cv-602-WKW-GMB |
| | ) | [wo] |
| BARBOUR COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant Barbour County Sheriff's Department's Motion to Dismiss (Doc. 12) and a Motion to Disseminate filed by Plaintiff Tommy Kendrick Williams. Doc. 17. On June 25, 2018, Williams filed this lawsuit against the Barbour County Sheriff's Department. *See* Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 4.

On October 2, 2018, the Barbour County Sheriff's Department moved for dismissal of the claims against it on the ground that under Alabama law a sheriff's department is not a legal entity subject to suit. Doc. 12. On October 11, 2018, this court entered an Order directing Williams to file an amended complaint which names a new defendant or defendants subject to suit. Doc. 16. The court cautioned Williams that failure to file within the time allowed could result in a recommendation that the case be dismissed. Doc. 16 at 3. Williams objected to this court's Order. Doc. 18. The United States District Judge overruled the objection and gave Williams until November 14, 2018 to comply with this

court's Order. Doc. 19.  No amended complaint has been received by the court as of the date of this Report and Recommendation.

After careful consideration of the record and the applicable law, the undersigned RECOMMENDS that the motion to dismiss (Doc. 12) be GRANTED and that Williams' claims against the Barbour County Sheriff's Department be DISMISSED.  The court further recommends that the Motion to Disseminate (Doc. 17) be DENIED.

## I.   JURISDICTION AND VENUE

Williams asserts federal constitutional claims over which this court has federal question subject-matter jurisdiction. 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II.   STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of a pleading, the court is not bound to accept conclusory statements of the elements of a cause of action, but where there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the

complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations must be enough to raise a right to relief above the speculative level. *Id*. at 555.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

### III.   DISCUSSION

Eleventh Circuit law is clear that an Alabama county sheriff's department "is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). A sheriff's department is not subject to suit because a sheriff's department is not a legal entity under Alabama law. *Id.*; *see also White v. Birch*, 582 So. 2d 1085, 1087

(Ala. 1991). Williams has argued in response to the motion to dismiss that *Dean* is wrongly decided. Williams also challenges the *Dean* decision in his motion to disseminate and apparently seeks to have that decision overturned. Doc. 17 at 1. But this court is bound to follow the Eleventh Circuit's holdings. *See, e.g.*, *Beam v. Estelle*, 558 F.2d 782, 784 (5th Cir. 1977).[1] This includes *Dean*. Accordingly, the Barbour County Sheriff's Department is due to be dismissed as a defendant in this case.

Williams has failed to comply with this court's orders and to amend his complaint to name any other defendant within the time allowed by the court. The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102. Because the only defendant in the case is due to be dismissed and no other defendant has been named as ordered by the court—even though Williams was warned that his case could be dismissed if he failed to file an amended complaint—the court recommends that the motion to dismiss be GRANTED and that all claims be dismissed with prejudice.

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to October 1, 1981 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

In addition, because this court is without authority to overrule the Eleventh Circuit's decisions, the court also recommends that Williams' motion to disseminate be DENIED.[2]

## IV.   CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS as follows:

1.   The motion to dismiss (Doc. 12) be GRANTED and this case be dismissed with prejudice.

2.   The motion to disseminate (Doc. 17) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **December 3, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have

---

[2] To the extent that Williams' motion is directed to the executive branch, this court lacks jurisdiction over his requested relief. *Cf. McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1358–59 (11th Cir. 2007) (stating that "under the separation of powers, certain decisions have been exclusively committed to the . . . executive branch[] of the federal government, and are therefore not subject to judicial review").

not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 19th day of November, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE